## STATE v ELEY

Ohio Appeals, 2nd Dist, Darke Co

No 544.   Decided June 10, 1938

Walter ·F. Rhynard, for defendant-appellant.

Hugh A. Staley, Greenville, for defendant-appellee.

### OPINION

By HORNBECK, J.

The defendant was charged with the offense of burglary and larceny, tried, convicted and sentenced. The indictment insofar as pertinent recites:

"do find and present that one, Theo. Orville Eley, * * * on or about the 29th day of July, 1937, at the County of Darke, * * * in the night, on the same day as aforesaid, * * * a certain building, to-wit, a chicken coop, of one, Mrs. Bertha Thompson, then and there situate, unlawfully, maliciously and forcibly did break and enter into, and unlawfully did steal from the said Mrs. Bertha Thompson five (5) chickens, of the value of seven ($7) dollars."

The appeal is on questions of law.  The three assignments of error require consideration of the claims of appellant:

1. That a "chicken coop" is not such a structure as is contemplated by the term "other building" in §12438 GC defining burglary and larceny.

2. That the indictment does not state an offense because intent to steal is not alleged.

3. That inasmuch as the verdict—guilty of burglary and larceny—did not fix the value of the property found to have been stolen the defendant can not again be required to stand trial for larceny.

Assignments of error Nos. 2 and 3 were urged in State v Phillips, No. 543, Darke County.  We there considered and discussed these assignments and cite our opinion in State v Phillips, as determinative of the questions· Nos. 2 and 3 presented here.

Assignment of error No. 1 is based upon the claim that a chicken coop is not such a structure as to come within the import and meaning of the term "other building" as employed in the section §12438, GC. Supporting this contention we are cited to Bailey v State, 7 O.C.C. (N.S.) 29 which decision was affirmed by the Supreme Court without opinion in 69 Oh St 551.  The syllabus of this case is:

"The word 'building' as used in §6835, Revised Statutes, defining the crime of burglary, has reference to a structure of some permanence, and the entering of a movable chicken coop 38 inches square with intent to steal, does not constitute the crime of burglary."

It will be noted that the first proposition of the syllabus defines that type of structure which is contemplated by the word "building" in the statute; i.e., "of some permanence".  The cited case was decided upon the record and the court was of the opinion that such a temporary structure as the evidence there disclosed did not meet the intent of the statute.  The court at page 30 of the opinion stated:

"It (the building) need not be absolutely permanent, it need not be such a structure as that the removal of it, or in detaching it from the real estate it would damage the real estate at all, but it must have some permanency about it, such we think as this does not have, and we feel quite well satis-

fied that it does not come within the purview of §6835, Revised Statutes * * *."

In the instant case we are asked to determine from the charge in the indictment that a "chicken coop" is not a building within the purview of the burglary section of the Code. This we can not do for the obvious reason that a chicken coop may under the factual proof clearly be a building of such permanence as that there would be no doubt that it was within the statute. On the other hand, if the proof discloses that the structure was of such temporary character as the chicken coop under consideration in Bailey v State, then the judgment would fail not because of the insufficiency of charge, but because of the insufficiency of proof. In Montgomery v State, 10 Abs 60, a chicken coop was held to be a building under the burglary statute.

If the defendant desired to be informed as to the type of structure he was charged with burglarizing his procedure was to apply for a bill of particulars.

The indictment is sufficient employing the language of the statute "other building" and following it by a more definite characterization of the building, namely, a chicken coop.

Because of the failure of the indictment to state a crime against the defendant in that it did not set out an intent to steal, and the verdict did not fix the value of the property stolen, the judgment can not be supported and will be reversed and cause remanded for a new trial.

BARNES, PJ, and GEIGER, J, concur.